**AVIATION INVESTMENTS, INC.,**
Appellant,

v.

**LINEAS AEREAS DE NICARAGUA,**
S. A., Appellee.

No. 19185.

United States Court of Appeals
Fifth Circuit.

April 25, 1962.

Richard R. Booth and Walters, Moore & Costanzo, Miami, Fla., for appellant.

Cromwell A. Anderson, Miami, Fla., Smathers & Thompson, Miami, Fla., of counsel, for appellee.

Before TUTTLE, Chief Judge, and JONES and GEWIN, Circuit Judges.

PER CURIAM.

It appearing that appellant claims to be the assignee of a contract right which it seeks to assert against the appellee, but that it stoutly denies that it assumed the obligations that arose under the same contract, and it appearing from the writings of the parties that the purported assignment was of all of the terms of the contract or none at all, we conclude that the trial court did not err in finding for the defendant, the appellee here.

The judgment is

Affirmed.

---

**HUMBLE OIL & REFINING COMPANY,**
Appellant,

v.

**Mabel W. MARTIN, Annie M. Kelly, Sue Kelly Mee, W. J. Vollor, Landman Teller, James P. Biedenharn, L. C. Gwin and R. D. Kuehnle, Appellees.**

No. 18579.

United States Court of Appeals
Fifth Circuit.

April 27, 1962.

For former opinion, see 298 F.2d 163, which affirmed 199 F.Supp. 648.

M. M. Roberts, Joe A. Thompson, Hattiesburg, Miss., for appellant.

Landman Teller, Vicksburg, Miss., L. C. Gwin, Natchez, Miss., for appellees.

Before CAMERON and WISDOM, Circuit Judges, and THOMAS, District Judge.

PER CURIAM.

Upon considering appellant's petition for rehearing and its amendment to or supplemental petition for rehearing and the briefs submitted with them, it is ordered and decreed that said petitions for rehearing, and each of them, are hereby

Denied.

THOMAS, District Judge (dissenting).

I am of the opinion there are absent indispensable parties. This would deprive this court of jurisdiction and leave the matter up to the Supreme Court of Mississippi, which I believe is the proper tribunal to decide this Mississippi question. Therefore I respectfully dissent.